1 | JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2 | WILLIAM E. SIMMONS, Supervising Trial Attorney- State Bar #121266
STEPHEN Q. ROWELL, Senior Deputy City Attorney - State Bar # 098228
3 | One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
4 | Telephone: (510) 238-2865     Fax: (510) 238-6500
26397/56962
5

Attorneys for Defendants
6 | CITY OF OAKLAND and
R.CHAN
7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

LORENZO JOHNSON,                          Case No.  C08-03932 JSW
11
                 Plaintiff,               **STIPULATION AND [PROPOSED]**
12                                         **PROTECTIVE ORDER**

     v.
13
CITY OF OAKLAND; R. CHAN, as an
14 | Oakland police officer, and as an individual;
O. SAEPARN, as an Oakland police officer
15 | and an individual; and DOES 1-25,
inclusive,
16
                 Defendants
17

18 |     Plaintiffs LORENZO JOHNSON by and through his attorney ADANTE POINTER

19 | individually and on behalf of THE LAW OFFICES OF JOHN L. BURRIS; Defendant O.

20 | SAEPARN by and through his attorney JOHN VERBER individually and on behalf of the

21 | law offices of BURNHAM & BROWN; and Defendants CITY OF OAKLAND and R. CHAN,
22
23 | by and through their attorney, STEPHEN Q. ROWELL, individually and on behalf the

24 | Oakland City Attorney's Office, hereby stipulate to the following protective order:

25
         1. DEFINITIONS
26

1.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things;

1.3 <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ. P. 26(c).  **This material subject to this stipulation are the personnel records of Officer O. Saeparn and Officer R. Chan; Internal Affairs files pertaining to Officer O. Saeparn and R. Chan for allegations of untruthfulness, false arrest or use of excessive force from August 24, 2002 through August 24, 2007; the Internal Affairs file pertaining to the incident which is the subject of plaintiff's complaint. .**

1.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.5    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.6.    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

1.7.    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

1.8.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.9.    <u>House Counsel</u>:  attorneys who are employees of a Party.

1.10.  <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

1.11.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12.  <u>Professional Vendors</u>:  person or entities that provide litigation support services (<u>e.g.</u>, photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

4.1 <u>F.R.Civ. P. 26(c)</u>.  The information sought to be protected must be properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that

1    protection is warranted.

2        4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in

3    this Order (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as otherwise

4    stipulated or ordered, material that qualified for protection under the Order must be clearly

5    so designated before the material is disclosed or produced.

6        Designation in conformity with this Order requires:

7        (a) for information in documentary form (apart from transcripts of depositions

8    or other pretrial or trial proceedings), that the Producing Party affix the legend

9    "CONFIDENTIAL" at the top of each page that contains protected material.

10       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

11   that the Party or non-party offering or sponsoring the testimony identify on the record,

12   before the close of the deposition, hearing, or other proceeding. Only those portions of

13   the testimony that are appropriately designated for protection within the 20 days shall be

14   covered by the provisions of this Stipulated Protective Order.

15       Transcript pages containing Protected Material must be separately bound by

16   the court reporter, who must affix to the top of each such page the legend

17   "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the

18   witness or presenting the testimony.

19       ( c) <u>for information produced in some form other than documentary, and for</u>

20   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior

21   of the container or containers in which the information or item is stored the legend

22   "CONFIDENTIAL".

23       4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

24   failure to designate qualified information or items as "Confidential" does not, standing

25   alone, waive the Designating Party's right to secure protection under this Order for such

26   material. If material is appropriately designated as "Confidential" after the material was

1  initially produced, the Receiving Party, on timely notification of the designation, must make

2  reasonable efforts to assure that the material is treated in accordance with the provisions

3  of the Order.

### 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

4

5        5.1 Timing of Challenges.  Unless a proper challenge to a Designating

6  Party's confidentially designation is necessary to avoid foreseeable substantial unfairness,

7  unnecessary economic burden, or a later significant disruption or delay of the litigation, a

8  Party does not waive its right to challenge a confidentiality designation by electing not to

9  mount a challenge promptly after the original designation is disclosed.

10        5.2 Meet and Confer.  A Party that elects to initiate a challenge to a

11  Designating Party's confidentiality designation must do so in good faith and must begin the

12  process by conferring directly (in voice to voice dialogue; other forms of communication are

13  not sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party

14  must explain the basis for its belief that the confidentiality designation was not proper and

15  must give the Designating Party an opportunity to review the designated material, to

16  reconsider the circumstances, and, if no change in designation is offered, to explain the

17  basis for the chose designation.  A challenging Party may proceed to the next stage of the

18  challenge process only if it has engaged in this meet and confer process first.

19        5.3 Judicial Intervention.  A Party that elects to press a challenge to a

20  confidentiality designation after considering the justification offered by the Designating

21  Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

22  Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

23  basis for the challenge.  Each such motion must be accompanied by a competent

24  declaration that affirms that the movant has complied with the meet and confer

25  requirements imposed in the preceding paragraph and that sets forth with specificity the

26  justification for the confidentiality designation that was given by the Designating Party in

1  the meet and confer dialogue.

2         The burden of persuasion in any such challenge proceeding shall be on the

3  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford

4  the material in question the level of protection tow which it is entitled under the Producing

5  Party's designation.

6                6. ACCESS TO AND USE OF PROTECTED MATERIAL

7         6.1 Basic Principles.  A Receiving Party may use Protected Material that is

8  disclosed or produced by another Party or by a non-party in connection with this case only

9  for prosecuting, defending, or attempting to settle this litigation.  Such Protected material

10 may be disclosed only to the categories of persons and under the conditions described in

11 this Order.  When the litigation has terminated, a Receiving Party must comply with the

12 provisions of section 10, below (FINAL DISPOSITION).

13        Protected Material must be stored and maintained by a Receiving Party at a

14 location and in a secure manner that ensures that access is limited to the persons

15 authorized under this Order.

16        6.2    Disclosure of "CONFIDENTIAL: Information or Items.  Unless

17 otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

18 Party may disclose any information or item designated CONFIDENTIAL only to:

19        (a) employees of the Receiving Party to whom disclosure is reasonably

20 necessary for this litigation and who have signed the "Agreement to Be Bound by

21 Protective Order"  (Exhibit A);

22        (b) experts (as defined in this Order) of the Receiving Party to whom

23 disclosure is reasonably necessary for this litigation and who have signed the "Agreement

24 to Be Bound by Protective Order" (Exhibit A);

25        (c) the Court and its personnel;

26        (d) court reporters, their staffs, and professional venders to whom disclosure

1    is reasonably necessary for this litigation and who have sighed the "Agreement to Be

2    Bound by Protective Order" (Exhibit A);

3          (e) during their deposition, witnesses in the action to whom disclosure is

4    reasonably necessary and who have signed the "Agreement to Be Bound by Protective

5    Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

6    that reveal Protected Material must be separately bound by the court reporter and may not

7    be disclosed to anyone except as permitted under this Stipulated Protective Order.

8          (f) the author the document or the original source of the information.

9        .

10
11   ## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

12         If a Receiving Party is served with a subpoena or an order issued in other

13   litigation that would compel disclosure of any information or items designated in this action

14   as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing

15   (by fax, if possible) immediately and in no event more than three court days after receiving

16   the subpoena or order.  Such notification must include a copy of the subpoena or court

17   order.

18         The Receiving Party also must immediately inform in writing the Party who

19   caused the subpoena or order to issue in the other litigation that some or all the material

20   covered by the subpoena or order is the subject of this Protective Order.  In addition, the

21   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

22   Party in the other action that caused the subpoena or order to issue.

23         The purpose of imposing these duties is to alert the interested parties to the

24   existence of this Protective Order and to afford the Designation Party in this case an

25   opportunity to try to protect its confidentiality interests in the court from which the

26

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     7     C08-03932 JSW

1  subpoena or order issued.  The Designating Party shall bear the burdens and the

2  expenses of seeking protection in that court of its confidential material—and nothing in

3  these provisions should be construed as authorizing or encouraging a Receiving Party in

4  this action to disobey a lawful directive from another court.

5          8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6          If a Receiving Party learns that, by inadvertence or otherwise, it has

7  disclosed Protected Material to any person or in any circumstance not authorized under

8  this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

9  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

10  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

11  disclosures were made of all of the terms of this Order, and (d) request such person or

12  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

13  hereto as Exhibit A.

14          9. FILING PROTECTED MATERIAL.  Without written permission form the

15  Designating Party or a court order secured after appropriate notice to all interested

16  persons, a Party may not in the public record in this action any Protected material.  A

17  Party that seeks to file under seal any Protected Material must comply with Civil Local

18  Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions

19  that the envelope is not to be opened absent further order of the court, the envelope

20  should be labeled to identify title of the case, the case number, and the title of the

21  document.

22          10. FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by

23  the Producing Party, within sixty days after the final termination of this action, each

24  Receiving Party must return all Protected Material to the Producing Party, as used in this

25  subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries

26  or any other form of reproducing or capturing any of the Protected Material.  With

1 permission in writing from the Designating Party, the Receiving Party may destroy some or

2 all of the Protected Material instead or returning it.  Whether the Protected Material is

3 returned or destroyed, the Receiving Party must submit a written certification to the

4 Producing Party (and, if not the same person or entity, to the Designating Party) by the

5 sixty day deadline that identifies (by category, where appropriate) all the Protected

6 Material that was returned or destroyed and that affirms that the Receiving Party has not

7 retained any copies, abstracts, compilations, summaries or other forms of reproducing or

8 capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

9 entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

10 memoranda, correspondence or attorney work product, even if such materials contain

11 Protected Material.  Any such archival copies that contain or constitute Protected Material

12 remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13        11. <u>MISCELLANEOUS</u>

14        <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

15 person to seek its modification by the Court in the future.

16        12. <u>JURISDICTION.</u>   The Court shall retain jurisdiction over any matter

17 covered by this Stipulation and Order for 24 months after the final termination of this

18 action.

19        **IT IS SO STIPULATED.**

20

21 Dated:

22                                      _____
                                     **ADANTE POINTER**
                                     Attorney for Plaintiffs

23

24 Dated:

25                                        _____
                                       **JOHN J. VERBER**
                                       Attorney for Defendant

26                                        O. SAEPARN

1  permission in writing from the Designating Party, the Receiving Party may destroy some or

2  all of the Protected Material instead or returning it.  Whether the Protected Material is

3  returned or destroyed, the Receiving Party must submit a written certification to the

4  Producing Party (and, if not the same person or entity, to the Designating Party) by the

5  sixty day deadline that identifies (by category, where appropriate) all the Protected

6  Material that was returned or destroyed and that affirms that the Receiving Party has not

7  retained any copies, abstracts, compilations, summaries or other forms of reproducing or

8  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

9  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

10  memoranda, correspondence or attorney work product, even if such materials contain

11  Protected Material.  Any such archival copies that contain or constitute Protected Material

12  remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13  **11. MISCELLANEOUS**

14  Right to Further Relief.  Nothing in this Order abridges the right of any

15  person to seek its modification by the Court in the future.

16  12. JURISDICTION.  The Court shall retain jurisdiction over any matter

17  covered by this Stipulation and Order for 24 months after the final termination of this

18  action.

19  **IT IS SO STIPULATED.**

20

21  Dated:  5/15/09

22  ADANTE POINTER
    Attorney for Plaintiffs

23

24  Dated:

25  JOHN J. VERBER
    Attorney for Defendant
26  CITY OF OAKLAND

permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead or returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 11. MISCELLANEOUS

Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12. JURISDICTION.  The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

Dated:

_____
**ADANTE POINTER**
Attorney for Plaintiffs

Dated: *May 7, 2009*

_____
**JOHN J. VERBER**
Attorney for Defendant
Officer O. Saeparn

1   Dated: 6/16/09

2
                                        STEPHEN Q. ROWELL
3                                       Attorney for Defendants
                                        CITY OF OAKLAND and R. CHAN
4

5

6

7   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8

9   DATED: June 17, 2009

10

11
                                        JEFFERY S. WHITE
12                                      Judge, United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____[date] in the case of LORENZO JOHNSON, et al, v  CITY

OF OAKLAND, et al, USDC No. C08-03932 JSW.   I agree to comply with and be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____[print or type full

name] of _____[print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

1   Date:_____

2   City and State where sworn and signed:_____

3   Printed name:_____-

4   [printed name]

5

6   Signature:_____

7   [signature}

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26