**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENZO JOHNSON,

    Plaintiff,

v.

CITY OF OAKLAND, ET AL.,

    Defendant.

No. C 08-03932 JSW

**ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT AND TO COMPEL THE ATTENDANCE OF TIM WATSON AT A DEPOSITION**

Now before the Court for consideration is Defendants' Motion for Contempt and to Compel the Attendance of Tim Watson at a Deposition. Mr. Watson has not filed an opposition to the motion, nor did he appear at the hearing on this matter. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Defendants' motion.

**BACKGROUND**

On June 19, 2009, Defendants personally served Mr. Tim Watson, a percipient witness in this action, with a deposition subpoena, requiring him to appear at 10:00 a.m. on June 24, 2009, for a deposition. (Declaration of Stephen Q. Rowell ("Rowell Decl."), ¶ 2 & Ex. A.) Mr. Watson did not appear and, upon inquiry from Defendant's counsel, acknowledged receipt of the subpoena but stated he was not aware he needed to attend. (*Id.*, ¶ 3.) Mr. Watson agreed to appear for his deposition on June 26, 2009, however he also failed to appear on that date and did not explain why he failed to appear. (*Id.*, ¶¶ 3-4.)

//

**ANALYSIS**

Federal Rule of Civil Procedure 45(e) permits a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Defendants must show by clear and convincing evidence that Mr. Watson violated a specific and definite order of the Court. *See Wolfard Glassblowing Co. v. Vangbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). If the Defendants meet their burden, Mr. Watson would be required to show that he took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983); *see also Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 U.S. Dist. LEXIS 21923 at *6-*8 (C.D. Cal. Mar. 9, 2009). A court may consider a history of noncompliance and a failure to comply even though a contempt motion is pending in considering whether an alleged contemnor has taken every reasonable step to comply. *Bademyan*, 2009 U.S. Dist. LEXIS 21923 at *8. If an alleged contemnor's actions appear to have been taken in good faith or a reasonable interpretation, he should not be held in contempt. *Id.* (citations omitted).

The Court finds that Defendants have met their burden to show that Mr. Watson violated a specific and definite order of the Court, namely the deposition subpoena, by failing to appear for his deposition on June 24, 2009 and again on June 26, 2009. The Court further finds that Mr. Watson has not met his burden to show he took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. Mr. Watson did not file an opposition in response to the Court's Order setting a briefing schedule. Further, Mr. Watson failed to appear for the hearing on the motion, although the Court advised him that his failure to oppose the motion or to appear at the hearing on October 16, 2009, might result in the issuance of an order finding him in contempt of court and compelling him to appear for a deposition, and also might result in the imposition of further contempt proceedings.

At this time, Defendants do not seek to impose monetary sanctions upon Mr. Watson and ask only that the Court compel him to appear for a deposition. Accordingly, it is HEREBY ORDERED that Mr. Watson is compelled by this Court to appear for a deposition on

**Wednesday, November 18, 2009 at 10:00 a.m., at the Office of the City Attorney, 1 Frank Ogawa Plaza, 6th Floor, Oakland, California, 94612**.

If Mr. Watson fails to appear for this deposition, the Court SHALL issue an Order to Show Cause as to why he should not be held in criminal contempt and to show cause why monetary sanctions should not be imposed.

It is FURTHER ORDERED that Defendants shall personally serve a copy of this Order on Mr. Watson, and shall file proof of such service with the Court.

**IT IS SO ORDERED.**

Dated: October 16, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3